**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

LOUIS J. SCORPINITI,

Plaintiff,

vs.

FOX TELEVISION STUDIOS, INC.;

Defendant.

Civil Action No. 11-64

**JURY TRIAL DEMANDED**

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff, Louis J. Scorpiniti (referred to herein as "Scorpiniti"), by and through his undersigned attorneys for his complaint against Fox Television Studios, Inc. (hereinafter referred to as "Fox"), allege as follows:

**PARTIES**

1. Plaintiff, Scorpiniti is an individual with a home address at 1406 East 14th Street, Des Moines, Iowa 50316.

2. Upon information and belief, Defendant Fox Television Studios, Inc. is a Delaware corporation, with a principal place of business located at 10201 West Pico Boulevard, Los Angeles, California 90035.

**JURISDICTION AND VENUE**

3. This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, et seq., and common law. As such, this Court has subject matter jurisdiction

under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

4. This Court may exercise personal jurisdiction over Defendant. Defendant does business in this judicial district, and a substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.

5. This court has supplemental jurisdiction over the claims brought under the common law pursuant to Sections 1338(b) and 1367(a) of Title 28 of the United States Code.

6. Venue is proper in this judicial district pursuant to Sections 1391 and 1400 of Title 28 of the United States Code.

## PLAINTIFFS' BUSINESS AND TRADEMARK RIGHTS

7. Scorpiniti is an individual that produces and broadcasts religious based programming, including but not limited to, television broadcasting services. Scorpiniti offers his services through television programming.

8. Scorpiniti owns and uses in commerce the mark "THE GATE", U.S. Reg. No. 3,536,556 for "television broadcasting" (hereinafter "the '556 Registration"). A copy of this registration is attached as **Exhibit 1**.

9. Scorpiniti has been using the "THE GATE" mark since at least as early as 2007, in association with the television broadcasting business in the United States.

10. Scorpiniti starting in 2007 used the "THE GATE" in association with broadcasting the local Iowa public television show "Soul Search."

11. Scorpiniti has spent significant time, money, and effort in developing the recognition of its "THE GATE" mark and related services.

12. The "THE GATE" mark is distinctive.

## DEFENDANT'S UNLAWFUL CONDUCT

13. By way of background, on January 11, 2011, Fox filed Trademark Application Serial No. 77/917,383 for "THE GATES" for "entertainment services in the nature of a television series featuring drama" with a filing basis under 1(b) as an intent-to-use application. **Exhibit 2**.

14. By way of background, on March 3, 2010, the United States Trademark Office rejected the Application over Plaintiff's '556 Registration. **Exhibit 3**.

15. By way of background, despite knowledge of Plaintiff's Registration, Fox advertised and promoted its new show nationally utilizing the trade name THE GATES.

16. By way of background, Fox then aired its pilot on June 20, 2010 that led to an entire first season of the show.

17. By way of background, the national advertising and promotion and airing of the show caused actual confusion among consumers regarding the source of the services rendered by Scorpiniti.

18. During the 2009-2010 time frame, Plaintiff had been in talks and meetings with multiple investors regarding expanding his television broadcasting to include a new nationally syndicated, religiously themed show entitled "THE GATE".

19. Before launching the show, at least one investor backed out of financially supporting the show because of Fox's use of the THE GATES television show.

20. As a result, Scorpiniti's show never launched.

## FIRST CLAIM FOR RELIEF

### ( FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1117)

21. Scorpiniti repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

22. This cause of action is for trademark infringement pursuant to 15 U.S.C. § 1117 et seq.

23. Scorpiniti owns and uses in commerce the federally registered mark "THE GATE", U.S. Registration No. 3,536,556.

24. Scorpiniti has adopted the "THE GATE" mark for television broadcasting.

25. Defendant's uses and continued uses of the "THE GATES" mark is likely to cause reverse confusion among consumers and Scorpiniti has been and is likely to be damaged by such actions.

26. Defendant knew by at least March 3, 2010 of Scorpiniti's registration yet still moved forward with launching "THE GATES" television show.

27. Defendant's conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Scorpiniti, and its business, reputation and goodwill. Scorpiniti's damages from the aforesaid unlawful actions of Defendant, to the extent ascertainable, have not yet been determined.

## SECOND CLAIM FOR RELIEF

### (FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION PER SECTION 43 OF THE LANHAM ACT, 15 U.S.C. § 1125)

28. Scorpiniti repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

29. This cause of action is for false designation of origin and federal unfair competition pursuant to 15 U.S.C. § 1125 et seq.

30. In addition, prior to January 11, 2011 Plaintiff expanded its services and used its mark “THE GATE” in association with entertainment services in the nature of a television show**.**

31. Prior to January 11, 2011 Scorpiniti used the "THE GATE" in association with entertainment services in the nature of a television show on the local Iowa public television show "Soul Search."

32. Prior to January 11, 2011 Scorpiniti has spent significant time, money, and effort in developing the recognition of its "THE GATE" mark in common law for entertainment services in the nature of a television show.

33. The "THE GATE" mark is distinctive.

34. The aforementioned activities by Defendant constitute unfair competition and false designation of origin, and are likely to cause reverse confusion, mistake, or deception in violation of the Lanham Act.

35. Defendant's conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Scorpiniti, and its business, reputation and goodwill. Scorpiniti’s damages from the aforesaid unlawful actions of Defendant, to the extent ascertainable, have not yet been determined.

**THIRD CLAIM FOR RELIEF**
**(STATE COMMON LAW UNFAIR COMPETITION)**

36. Scorpiniti repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

37. This cause of action arises under the common law under the state of Iowa.

38. Defendant's activities constitute unfair competition and unfair trade practices, which are likely to cause reverse confusion, mistake, or deception with Scorpiniti’s "THE GATE" mark, thereby constituting common law unfair competition.

39. Defendant's conduct described above has caused and, if not enjoined, will result in the loss of the exclusive rights and benefits that Scorpiniti is entitled to enjoy under the common law and will continue to cause irreparable damage to the rights of Scorpiniti in his "THE GATE" mark, and its business, reputation, and good will.

40. On information and belief, Defendant will continue to infringe Scorpiniti’s valuable intellectual property unless restrained by this Court.

41. Scorpiniti has suffered and is continuing to suffer irreparable injury for which there is no adequate remedy at law.

42. Scorpiniti’s damages from the aforesaid unlawful actions of Defendant, to the extent ascertainable, have not yet been determined.

**PRAYER FOR RELIEF**

Wherefore, Scorpiniti prays for relief against Defendant as follows:

1. That the Court permanently enjoin and restrain Defendant, its officers, directors, agents, employees and all persons in active concert or participation with it who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

A. infringing or contributing to the infringement of the "THE GATE" mark;

B. engaging in any acts or activities directly or indirectly calculated to infringe Scorpiniti’s "THE GATE" mark;

   C. using in selling, offering for sale, promoting, advertising, marketing or distributing of press releases, articles, advertisements or marketing materials that include false designation of origin;

D. using any designation, term, marks, slogan, logo, configuration or design that is confusingly similar to Scorpiniti’s "THE GATE" mark; and

E. otherwise competing unfairly with Scorpiniti in any manner whatsoever.

2. That the Court find that Defendant is infringing Scorpiniti’s "THE GATE" mark, is competing unfairly with Scorpiniti.

3. That the Court order Defendant to deliver up to Scorpiniti for destruction, at Defendant's expense, all signage, newsletters, articles, web site materials, literature, brochures, promotional materials, advertisements and other communications to the public in the possession or under the control of Defendant, and any other material or any representations that are or may contain designations similar to Scorpiniti’s "THE GATE" mark.

4. That the Court order Defendant to account for and pay to Scorpiniti the damages to which Scorpiniti is entitled as a consequence of the infringement of Scorpiniti’s "THE GATE" mark in violation of Section 1117 of Title 15 of the United States Code.

5. That the Court order Defendant to account for and pay to Scorpiniti the damages to which Scorpiniti is entitled as a consequence of the infringement of Scorpiniti’s "THE GATE" mark in violation of Section 1125 of Title 15 of the United States Code.

6. That the Court order Defendant to account for and to pay over to Scorpiniti all damages suffered by Scorpiniti as a result of Defendant's unfair competition.

7. That the Court award Scorpiniti his actual damages and interest allowed by law.

8. That the Court award Scorpiniti his compensatory, incidental, and consequential damages.

9. That the Court award Scorpiniti enhanced, treble, and/or punitive damages because of willful actions.

10. That the Court award Scorpiniti his reasonable attorneys' fees and the costs of this action.

11. That the Court grant Scorpiniti such other relief as is just and proper.

**JURY TRIAL DEMAND**

COMES NOW the Plaintiff and hereby demands a trial by jury of all issues herein.

Dated June 16, 2011.

By: /s/Timothy J. Zarley

Timothy J. Zarley
Iowa Bar No. 15785
ZARLEY LAW FIRM, P.L.C.
400 Locust Street
Capital Square, Suite 200
Des Moines, IA 50309-2350
Telephone: (515) 558-0200
Facsimile: (515) 558-7790
E-mail address: tzarley@zarleylaw.com

**Attorney For Plaintiff Louis J. Scorpiniti**