IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| LOUIS J. SCORPINITI,<br><br>    Plaintiff,<br><br>vs.<br><br>FOX TELEVISION STUDIOS, INC.,<br><br>    Defendant. | No. C11-0064<br><br>ORDER DENYING MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY |

This matter comes before the Court on the Motion for Leave to Conduct Jurisdictional Discovery (docket number 22) filed by the Plaintiff on January 27, 2012, and the Opposition (docket number 23) filed by the Defendant on the same date. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 16, 2011, Plaintiff Louis J. Scorpiniti ("Scorpiniti") brought this action against Defendant Fox Television Studios, Inc. ("Fox"), alleging trademark infringement, false designation of origin, and unfair competition. On December 5, 2011, Fox filed a motion to dismiss asserting that its "contacts with Iowa are attenuated at best and thus the exercise of jurisdiction would offend traditional notions of fair play and substantial justice."[1] Alternatively, Fox asked that the case be transferred to the United States District Court for the Central District of California. Because Scorpiniti's complaint was subsequently amended, Fox's first motion to dismiss was denied as moot.

On December 21, 2011, Scorpiniti filed a first amended complaint. According to his motion for leave to amend, Scorpiniti's amended complaint was filed "as an attempt to remedy the issues raised in Fox's Motion to Dismiss or Transfer by clarifying and

---

[1] Fox's Motion to Dismiss (docket number 11) at 1.

adding additional facts to the claims previously brought."[2] Fox then filed a second motion to dismiss, asking that the amended complaint be dismissed or, alternatively, that venue be transferred to California.

On January 27, 2012, Scorpiniti filed the instant motion for leave to conduct jurisdictional discovery.[3] Scorpiniti asks that the Court "stay" the deadline for responding to Fox's motion to dismiss, and grant him 90 days to conduct discovery into the jurisdictional issues. Fox resists, asserting that any discovery would be a "fishing expedition." Alternatively, Fox asks that "the discovery be limited in scope and be mutual."

## *II. DISCUSSION*

Scorpiniti asks that he be given 90 days to conduct discovery regarding the jurisdictional issue, and that the deadline for responding to Fox's motion to dismiss be extended until 20 days after the discovery is completed. Where an issue arises as to jurisdiction, "discovery is available" to determine the facts relevant to that issue. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). The district court must exercise its discretion in determining whether jurisdictional discovery is warranted. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 598 (8th Cir. 2011).

In support of his motion, Scorpiniti cites *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704 (8th Cir. 2003). There, the Eighth Circuit held that the district court abused its discretion in denying the plaintiffs' motion to conduct jurisdictional discovery. *Id.* at 713. The plaintiffs filed suit in Missouri, claiming the defendant was negligent and breached its contractual and fiduciary duties. The defendant filed a motion to dismiss for lack of

---

[2] Scorpiniti's Motion to File First Amended Complaint (docket number 13) at 1, ¶ 4.

[3] Scorpiniti filed a similar motion on January 24, 2012, but it was denied without prejudice for failing to comply with Local Rule 7.*l*. *See* docket numbers 20 and 21.

2

personal jurisdiction, arguing that it had only one physical office – located in Georgia – and that it had virtually no contact with Missouri residents. The plaintiffs responded by noting that the defendant "maintained home-equity loans and lines of credit to Missouri residents totaling around $10 million, or one percent of its loan portfolio." *Id.* at 706. In addition, the defendant maintained a website which offered services to Missouri residents. The plaintiffs sought jurisdictional discovery to determine:

> the number of times that Missouri consumers have accessed the Web site; the number of Missouri consumers that have requested further information about Prudential Savings' services; the number of Missouri consumers that have utilized the online loan-application services; the number of times that a Prudential Savings representative has responded to Missouri residents after they have applied for a loan; the number and amounts of home-equity or other loans that resulted from online-application submission by Missouri consumers, or which are secured by Missouri property.

*Id.* at 712-13. The district court denied the motion to conduct jurisdictional discovery and granted the defendant's motion to dismiss. Concluding that was "an abuse of discretion," the Eighth Circuit reversed and remanded the matter to the district court for jurisdictional discovery.

The Eighth Circuit Court of Appeals reached a similar conclusion in *Steinbuch v. Cutler*, 518 F.3d 580 (8th Cir. 2008). Steinbuch brought an action against several defendants for invasion of privacy and intentional infliction of emotional distress arising from the publication of a sexually explicit novel. Steinbuch filed suit in Arkansas, where he was employed as a law professor, although none of the defendants resided, were incorporated, or had their principal place of business in Arkansas. The defendants moved to dismiss for lack of jurisdiction. Steinbuch asked the court for a three-month extension to file a reply to the defendants' motions to dismiss, and the defendants asked the court to stay discovery pending its ruling on their dismissal motions. In resisting the motions to dismiss, Steinbuch produced a list of approximately 30 different Hyperion titles available

in a particular Arkansas bookstore. The district court dismissed the action. Steinbuch appealed, arguing that "by granting a stay of discovery pending its rulings on the motions to dismiss his complaint, the district court wrongly deprived him of the opportunity to support his jurisdictional argument." *Id.* at 588. The Court of Appeals agreed:

> On the basis of the current record which reflects that Steinbuch offered documentary evidence, and not merely speculations or conclusory allegations, about Hyperion's contacts with Arkansas, the district court should not have dismissed his action against Hyperion without permitting him to take some jurisdictional discovery to establish whether general personal jurisdiction would be justified.

*Id.* at 589.

In resisting the instant motion, Fox argues that "the court has the discretion to deny jurisdictional discovery when a plaintiff has failed to make a *prima facie* case of jurisdiction."[4] In support of its argument, Fox cites *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004). There, the district court dismissed the complaint for lack of personal jurisdiction while denying the plaintiff an opportunity to conduct jurisdictional discovery. The Eighth Circuit rejected Dever's argument that the district court abused its discretion in denying discovery, quoting *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery."). *Id.* at 1074 n.1.

The distinction between *Lakin* and *Dever* was discussed by the Court in *Greenbelt Resources Corp. v. Redwood Consultants, LLC*, 627 F. Supp. 2d 1018 (D. Minn. 2008). The Court noted that in *Lakin*, the plaintiffs showed that the defendant maintained home equity loans and lines of credit for Missouri customers, and "[t]he discovery was targeted toward determining the number of consumers in Missouri who had accessed the defendant's website to obtain loans and the substance of those contacts, and the number

---

[4] Fox's Opposition (docket number 23) at 3.

4

of liens on property in Missouri securing the loans." *Id.* at 1028. On the other hand, the request for jurisdictional discovery was properly denied in *Dever*, "where the plaintiff failed to rebut the defendants' assertions against jurisdiction and offered only conclusory allegations to support his claim that personal jurisdiction existed." *Id.* The Court concluded in *Greenbelt* that jurisdictional discovery was not appropriate:

> Greenbelt has, for the most part, offered only conclusory allegations that defendants conduct business in Minnesota. Unlike the circumstances in *Lakin*, Greenbelt's request for jurisdictional discovery is not specifically targeted to flush out connections already shown to exist, but instead is more akin to a fishing expedition in which a plaintiff intends to cast a wide net for potential contacts with a forum state. The court finds that jurisdictional discovery is not appropriate in this case.

*Id.*

Turning to the facts in the instant action, Scorpiniti alleges in his first amended complaint that he owns and uses the mark "THE GATE" for "television broadcasting." According to Scorpiniti, "starting in 2007, [he] used the 'THE GATE' in association with broadcasting the Iowa Mediacom cable system program 'Soul Search' in this district and throughout Iowa."[5] It is further alleged that Fox developed a new show entitled "THE GATES" and "then aired its pilot on June 20, 2010 that led to an entire first season of the show through its affiliate in this district and throughout Iowa."[6] Scorpiniti asserts that this use constitutes trademark infringement, false designation of origin, and unfair competition.

In support of its second motion to dismiss, Fox submitted a declaration of Robert Lemchen, the senior vice president of production for Fox. *See* docket number 19-2. Among other things, Lemchen asserts that Fox is a Delaware corporation with its principal place of business in California; has never had an office or place of business in Iowa; has never owned any real property or maintained a telephone number, mailing address, or a

---

[5] First Amended Complaint (docket number 15) at 2, ¶ 10.

[6] *Id.* at 3, ¶ 16.

bank account in Iowa; has never had any employees, representatives, or agents in Iowa; and that all decisions regarding the naming, production, and sale of THE GATES television show were made in Los Angeles. Lemchen further asserts that Fox "is a television production company, and is solely in the business of creating and producing television shows," and that it "is not in the business of television broadcasting or advertising."[7] According to Lemchen, THE GATES was sold by Fox to the ABC Broadcasting Network, which is "entirely unrelated" to Fox. "After selling the show to ABC, [Fox] no longer had any control over where the show was broadcast or advertised."[8] In his instant motion for leave to conduct jurisdictional discovery, Scorpiniti makes no effort to refute the assertions found in Lemchen's declaration.

Because the Court concludes that this case is distinguishable from *Lakin* and *Steinbuch*, and is more akin to the facts in *Dever* and *Greenbelt Resources*, Scorpiniti's motion will be denied. In *Lakin*, the plaintiffs produced evidence that the defendant did business in Missouri, and sought jurisdictional discovery to establish the extent of those business connections. Similarly, the plaintiff in *Steinbuch* produced evidence that Hyperion Books did business in Arkansas, and sought specific discovery regarding the nature and extent of the business. In concluding that jurisdictional discovery should have been permitted, the Court of Appeals found that "Steinbuch offered documentary evidence, and not merely speculations or conclusory allegations, about Hyperion's contacts with Arkansas." *Steinbuch*, 518 F.3d at 589. Conversely, when a request for jurisdictional discovery is based on "speculation or conclusory assertions about contacts with a forum state," then the court is within its discretion in denying jurisdictional discovery. *Dever*, 380 F.3d at 1074.

Here, neither the first amended complaint, nor the instant motion offers any evidence beyond mere speculation and conclusory assertions that Fox has any connection

---

[7] Declaration of Robert Lemchen (docket number 19-2) at 2, ¶¶ 10 and 11.

[8] *Id.*, ¶ 14.

6

with the State of Iowa. Scorpiniti offers no "testimony, affidavits, or other documents" rebutting Fox's assertions regarding contacts with Iowa. *Dever*, 380 F.3d at 1074. Like *Greenbelt Resources*, the "request for jurisdictional discovery is not specifically targeted to flush out connections already shown to exist, but instead is more akin to a fishing expedition in which a plaintiff intends to cast a wide net for potential contacts with a forum state." *Greenbelt Resources*, 627 F. Supp. 2d at 1028; *see also Viasystems*, 646 F.3d at 598 (concluding that the district court did not abuse its discretion in denying the plaintiff's motion for jurisdictional discovery when the plaintiff asserted only that jurisdictional discovery "would likely" reveal a connection with a forum state); *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 749 (8th Cir. 2011) (finding that there was "no basis for [jurisdictional] discovery" when the defendants only traveled to the forum state once).

In summary, the Court concludes that Scorpiniti has failed to make a threshold showing sufficient to justify jurisdictional discovery. Accordingly, the Court finds that the instant motion should be denied. The Court will extend the deadline for Scorpiniti to respond to Fox's motion to dismiss to February 23, 2012.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Leave to Conduct Jurisdictional Discovery (docket number 22) filed by the Plaintiff is **DENIED** in part and **GRANTED** in part as follows:

1. Scorpiniti's request that it be given 90 days in which to conduct discovery into jurisdictional issues is **DENIED**.

2. The deadline for Scorpiniti to respond to Fox's motion to dismiss is **EXTENDED** to **February 23, 2012**.

DATED this 2nd day of February, 2012.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA