**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

LOUIS J. SCORPINITI,

        Plaintiff,

vs.

FOX TELEVISION STUDIOS, INC.,

        Defendant.

No. 11-CV-64-LRR

**ORDER**

*TABLE OF CONTENTS*

*I.*    *INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.*   *PROCEDURAL BACKGROUND.* . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*III.*  *SUBJECT MATTER JURISDICTION.* . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.*  *STANDARD OF REVIEW.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*V.*   *RELEVANT FACTUAL BACKGROUND.* . . . . . . . . . . . . . . . . . . . . . *3*

*VI.*  *ANALYSIS.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    *A.*    *Nonuse.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.*    *Fraud.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*

*VII.* *CONCLUSION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

*I.*  *INTRODUCTION*

The matter before the court is Plaintiff/Counter Defendant Louis J. Scorpiniti's "Motion to Dismiss" ("Motion") (docket no. 48).

*II.*  *PROCEDURAL BACKGROUND*

On December 21, 2011, Scorpiniti filed an Amended Complaint ("Complaint") (docket no. 15), alleging trademark infringement under 15 U.S.C. § 1117, false designation of origin and unfair competition under 15 U.S.C. § 1125 and unfair competition under Iowa common law. On September 26, 2012, Defendant/Counter Claimant Fox Television Studios, Inc. ("FTVS") filed an Answer (docket no. 47). FTVS's Answer includes counterclaims against Scorpiniti; specifically, FTVS asks the

court to cancel Scorpiniti's trademark pursuant to 15 U.S.C. §§ 1115 and 1119 due to nonuse (Count I) and fraud on the United States Patent and Trademark Office ("USPTO") (Count II).

On October 17, 2012, Scorpiniti filed the Motion, requesting that the court dismiss FTVS's counterclaims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On November 2, 2012, FTVS filed a Resistance (docket no. 49). On November 12, 2012, Scorpiniti filed a Reply (docket no. 52). The matter is fully submitted and ready for decision.

### III.  SUBJECT MATTER JURISDICTION

The court has federal question subject matter jurisdiction over FTVS's counterclaims because they arise under 15 U.S.C. §§ 1115 and 1119. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

### IV.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) of the Federal Rules of Civil Procedure]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## V. *RELEVANT FACTUAL BACKGROUND*

Accepting all factual allegations in FTVS's counterclaims as true and drawing all reasonable inferences in favor of the nonmoving party, the facts are as follows. Scorpiniti is a citizen of Iowa. Scorpiniti produces and broadcasts religious-based programming, including television broadcasting services. FTVS is a Delaware corporation with its principal place of business in Los Angeles, California. FTVS is a television production company that creates and produces television shows.

On or about April 3, 2008, Scorpiniti filed Application Serial No. 77,439,564 for the mark "THE GATE" for use in "television broadcasting." Answer at 6. In his application, Scorpiniti filed a declaration affirming that he was using the mark in commerce pursuant to 15 U.S.C. § 1051(a). On November 25, 2008, the USPTO issued "THE GATE" as Registration No. 3,536,556. Scorpiniti's trademark "THE GATE" was used in connection with his friend's local access television show "Soul Search." Scorpiniti did not produce, distribute or provide other production support for "Soul Search."

## VI.  ANALYSIS

In the Motion, Scorpiniti argues that the court should dismiss FTVS's counterclaims because: (1) nonuse is not a proper basis for cancellation of a trademark; and (2) FTVS failed to plead its fraud claim with particularity as required by Federal Rule of Civil Procedure 9(b).  In response, FTVS argues that: (1) nonuse is an appropriate ground for cancellation of a trademark; and (2) its fraud claim satisfies the Rule 9(b) particularity requirement.

At the outset, the court notes that Scorpiniti failed to file a brief with the Motion as required by Local Rule 7.  *See* LR 7(d) ("For every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies . . . .").  FTVS argues that the court should deny the Motion because Scorpiniti failed to comply with Local Rule 7.  While the court agrees that Scorpiniti failed to comply with the Local Rules, the court declines to deny the Motion on this basis alone.  Therefore, the court shall consider the merits of the Motion.

### A.  Nonuse

Scorpiniti argues that FTVS failed to state a claim for cancellation due to nonuse because "[n]onuse is not a recognized basis for cancellation of a trademark under 15 U.S.C. §§ 1115 and 1119."  Motion at 2.  Scorpiniti contends that, because 15 U.S.C. § 1115 does not include the defense of nonuse among its listed defenses and 15 U.S.C. § 1119 is silent regarding nonuse, FTVS has failed to plead a statutory basis for its cancellation claim.  In response, FTVS argues that the law permits cancellation of a trademark for nonuse.

Under 15 U.S.C. § 1119, "[i]n any action involving a registered mark the court may . . . order the cancelation of registrations."  15 U.S.C. § 1119; *see Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964) (noting that 15 U.S.C. § 1119 "provides that in any action involving a registered mark, the court may determine the right

to registration" and that a registered trademark may "be collaterally attacked in any action where the validity of the mark is properly in issue").

Pursuant to 15 U.S.C. § 1115, a party may introduce evidence of a registered trademark as prima facie evidence of the validity of the registered mark, but introduction of such trademark "shall not preclude another person from proving any legal or equitable defense or defect, including those set forth in subsection (b) of this section, which might have been asserted if such mark had not been registered." 15 U.S.C. § 1115(a). The nine enumerated defenses in 15 U.S.C. § 1115(b) are the specific defenses available once a registered mark has become incontestable. A registered mark is incontestable if it is "in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce" and "there is no proceeding involving said rights pending . . . in a court and not finally disposed of." 15 U.S.C. § 1065.

The USPTO registered Scorpiniti's mark on November 25, 2008, and the instant action regarding the validity of Scorpiniti's mark has not been resolved. Therefore, Scorpiniti's mark is not incontestable. Thus, "any legal or equitable defense or defect," 15 U.S.C. § 1115(a), is available to FTVS under 15 U.S.C. § 1115(a) and is not limited to the enumerated defenses in § 1115(b). Additionally, the court notes that courts have canceled trademarks for nonuse. *See Cent. Mfg., Inc. v. Brett*, 492 F.3d 876, 883-84 (7th Cir. 2007) (affirming the district court's decision to cancel a trademark pursuant to 15 U.S.C. § 1119 because the mark was not used in commerce); *Mountain Top Beverage Grp., Inc. v. Wildlife Brewing N.B., Inc.*, 338 F. Supp. 2d 827, 835-36 (S.D. Ohio 2003) (canceling a trademark because the trademark holder failed to satisfy the use in commerce requirement of federal trademark registration).

The court finds that FTVS has pled a plausible claim for cancellation of a trademark. In its Answer, FTVS alleges that, "[u]pon information and belief, [Scorpiniti] had not prior to the issuance of Registration No. 3,536,556, nor at any time thereafter, used the mark THE GATE in connection with 'television broadcasting' services." Answer

at 6. "Registration provides prima facie evidence of ownership, but this can be rebutted by competent evidence. Ultimately, it is not the fact of registration that matters so much as the use of the mark in commerce . . . ." *Cent. Mfg.*, 492 F.3d at 881 (internal citation omitted); *see also Fair Isaac Corp. v. Experian Info. Solutions, Inc.*, 650 F.3d 1139, 1147 (8th Cir. 2011) (noting that a plaintiff in a trademark infringement claim must prove that it owns a valid trademark entitled to protection and that, "[a]lthough a registered mark enjoys a presumption of validity, that presumption may be rebutted" (internal citation omitted)). Therefore, failure to use a trademark in commerce can result in a finding that the trademark is invalid. Thus, the court finds that FTVS has stated a claim under 15 U.S.C. §§ 1115 and 1119, and the court shall deny Scorpiniti's Motion to the extent that it requests dismissal of Count I.

### B.   Fraud

Scorpiniti argues that the court should dismiss FTVS's fraud claim in Count II because it fails to plead the claim with particularity. Specifically, Scorpiniti argues that "[n]owhere has [FTVS] pled a factual basis for the assertion that the mark had not been used, that Scorpiniti knowingly made a false and material representation of fact, or what services are included in 'television broadcasting' services." Motion at 3. In response, FTVS argues that its pleading meets the Rule 9(b) standard because it pled on information and belief that Scorpiniti had not used his trademark in connection with television broadcasting services in commerce and that Scorpiniti knowingly made a false statement by filing a declaration attesting to use of the mark in connection with the services listed on the trademark application.

Federal Rule of Civil Procedure Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The plain language of Rule 9(b) "requires a plaintiff to allege with particularity the facts constituting the fraud." *Indep. Bus. Forms, Inc. v.*

*A-M Graphics, Inc.*, 127 F.3d 698, 702 n.2 (8th Cir. 1997). A plaintiff may not make "conclusory allegations." *Roberts v. Francis*, 128 F.3d 647, 651 (8th Cir. 1997). Conclusory allegations are insufficient because "[o]ne of the primary purposes of this rule is to facilitate a defendant's ability to respond to and to prepare a defense to a plaintiff's [fraud] charges." *Greenwood v. Dittmer*, 776 F.2d 785, 789 (8th Cir. 1985).

"To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). In other words, Rule 9(b) demands that plaintiffs "identify who, what, where, when, and how." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003).

The Eighth Circuit Court of Appeals has cautioned that Rule 9(b) is to be interpreted "'in harmony with the principles of notice pleading.'" *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001)). "Although a pleading alleging fraud need not provide anything more than notice of the claim, it must contain 'a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct.'" *Id.* (quoting *Abels*, 259 F.3d at 920). For example, when alleging fraudulent misrepresentation, Rule 9(b) requires a plaintiff to plead the circumstances constituting the fraud with particularity, while knowledge and intent may be pled generally. *See Bennett v. Berg*, 685 F.2d 1053, 1062 n.12 (8th Cir. 1982).

FTVS's fraud claim in Count II contains the following allegations:

> 13.   In filing for Application Serial No. 77,439,564, [Scorpiniti] signed a declaration affirming that "The applicant [was] using the mark in commerce, or the applicant's related company or licensee is using the

> mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services . . . .
>
> 14. Upon information and belief, at the time of filing for Application Serial No. 77,439,564, [Scorpiniti] had not used the mark THE GATE in connection with "television broadcasting" services as identified in the application, making the declaration signed by [Scorpiniti] false on its face.
>
> 15. As [Scorpiniti] knowingly made a false and material representation of fact, Registration No. 3,536,556 should be cancelled . . . .

Answer at 7 (second alteration in original).

The court finds that the allegations in Count II are sufficiently particular to satisfy the Rule 9(b) pleading requirements. FTVS alleges that Scorpiniti declared that he was using the mark in commerce in connection with television broadcasting services. FTVS further alleges that, at the time he made the trademark application, Scorpiniti had not used the mark in commerce and, therefore, he knowingly made a false representation of fact. These allegations satisfy the who, what, where, when and how requirements of Rule 9(b) pleading. *See United States ex rel. Costner*, 317 F.3d at 888; *see also ING Bank, FSB (d/b/a ING Direct) v. PNC Fin. Servs. Grp., Inc.*, 629 F. Supp. 2d 351, 356-57 (D. Del. 2009) (holding that the defendant's counterclaim seeking cancellation of the plaintiff's trademark due to alleged fraud on the USPTO satisfied Rule 9(b) because it is sufficient at the pleading stage to allege that the trademark applicant acted with knowledge and the defendant's allegation that the applicant stated in its application that it was using its mark for credit card services when, in fact, the applicant was not using and had never used the mark for credit card services was sufficiently particular); *Hertz Corp. v. Enterprise Rent-A-Car Co.*, 557 F. Supp. 2d 185, 194 (D. Mass. 2008) (holding that a claim of fraud on the USPTO was sufficient under Rule 9(b) because the pleading identified the employees who signed allegedly false documents, specified the allegedly false documents that were

submitted to the USPTO and stated the basis for believing the documents to be false); *cf.*
*Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007)
(holding that a pleading failed to meet the 9(b) standard because the plaintiff did not state
what actions the defendant took to fraudulently conceal a cause of action or when or how
the defendant perpetrated the alleged concealment).

Scorpiniti argues that FTVS's allegations in Count II fail to meet the Rule 9(b)
pleading standard because FTVS pled on information and belief that Scorpiniti had not
used the mark in connection with television broadcasting services without including a
statement of facts on which the allegation is based.  A party may plead a fraud allegation
based on information and belief if the facts constituting the fraud are peculiarly within the
opposing party's knowledge and the party includes a statement of the facts on which the
belief is founded.  *See Fl. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645,
668 (8th Cir. 2001) (reaffirming the rule that, under Rule 9(b), a party must disclose the
facts relied on for pleadings based on information and belief); *see also Drobnak v.
Andersen Corp.*, 561 F.3d 778, 783-84 (8th Cir. 2009) (affirming the district court's
holding that the plaintiffs' allegations failed to meet the Rule 9(b) standard in part because
the allegations pled on information and belief did not include a statement of facts on which
the belief was based).  In its Resistance, FTVS states that Scorpiniti's deposition testimony
provides the factual basis for its claim that Scorpiniti was not using "THE GATE" in
commerce in connection with television broadcasting services, and FTVS attached an
excerpt of Scorpiniti's deposition to its Resistance as Exhibit A (docket no. 49-1).  In his
deposition, Scorpiniti stated that "THE GATE" was used in connection with his friend's
local access television show "Soul Search" and that he did not produce, distribute or
provide other production support for "Soul Search."

The court finds that FTVS's Resistance and Exhibit A adequately state the facts on
which FTVS bases its belief that Scorpiniti was not using "THE GATE" in connection
with television broadcasting services at the time he filed his trademark application and,

therefore, Scorpiniti has sufficient notice of the claims against him and the factual basis for those claims. *See Schaller Tel. Co.*, 298 F.3d at 746 (stating that "a pleading alleging fraud need not provide anything more than notice of the claim" and that the notice must enable the defendant to respond specifically to allegations of immoral conduct); *see also Fischer v. N.Y. Stock Exch.*, 408 F. Supp. 745, 756 (S.D.N.Y. 1976) (holding that affidavits and exhibits filed in response to a motion remedied the deficiency that facts in the complaint were pled on "information and belief without setting forth the factual basis for the belief" and concluding that there would be no benefit by requiring an amended complaint when the allegations were sufficiently clear from the totality of the plaintiffs' filings).

Therefore, the court finds that FTVS sufficiently alleged fraud on the USPTO to satisfy Rule 9(b). Thus, the court shall deny Scorpiniti's Motion to the extent that it requests dismissal of Count II.

## VII.  CONCLUSION

In light of the foregoing, Scorpiniti's Motion to Dismiss (docket no. 48) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 26th day of November, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA